UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 19-CIV-80876-RAR

M22 FUND, LLC, a Florida limited
liability company,

    Plaintiff,

v.

STUART BRYAN GALLON, TRUSTEE
OF THE STUART BRYAN GALLON
REVOCABLE LAND TRUST DATED
FEBRUARY 3, 2016, a Florida Trust;
STUART BRYAN GALLON, an Individual;
LINE MARTIN, an Individual; ROYAL
PALM IMPROVEMENT ASSOCIATION,
INC., a foreign not for profit corporation;
JOHN DOE and JANE DOE, as Unknown
Tenants; and any unknown heirs, devisees,
grantees, creditors, and other unknown
persons, unknown entities, unknown parties
or unknown spouses claiming by, through or
under any of the above-named Defendants,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE

The Plaintiff, M22 FUND, LLC ("Plaintiff"), by and through the undersigned counsel and hereby files its Motion to Dismiss with Prejudice and states:

### FACTUAL BACKGROUND

1. On January 7, 2019, Plaintiff filed its Verified Complaint for Foreclosure, Breach of Guaranty and Damages ("Complaint") in Palm Beach County Circuit Court, alleging claims against Defendants, Stuart Bryan Gallon ("S. Gallon") and Line Martin ("L. Martin") (collectively, "Defendants") to foreclose a mortgage ("Mortgage") on real property located in Palm Beach

County, as well as for breach of two Guaranty Agreements ("Guaranties") based on the Defendants' failure to make payments under the Mortgage and Guaranties.

2. On May 1, 2019, hours before the hearing on Plaintiff's Motion for Summary Judgment where Plaintiff was seeking the entry of a Summary Final Judgment of Foreclosure, the Defendants filed their Notice of Removal, pursuant to 28 U.S.C. §§§1331,1441 and 1446 based upon purported disputes arising under Title 15 of the United States Code, specifically the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA"), as well as purported diversity of citizenship.[1] A true and correct copy of the Notice of Removal is attached hereto as Exhibit "A."

3. On May 7, 2019 this Court entered an Order on Jurisdictional Defects providing the Defendants until May 20, 2019 to cure the defects in their Motion. A true and correct copy of the Order on Jurisdictional Defects is attached hereto as Exhibit "B."

4. Defendants failed to file an Amended Notice of Removal correcting the defects, and, on May 30, 2019, Judge Donald M. Middlebrooks entered an Order Remanding Case, remanding this action back to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County. A true and correct copy of the Order Remanding Case is attached hereto as Exhibit "C."

5. Subsequently, Plaintiff rescheduled its Motion for Summary Judgment for July 2, 2019.

6. On July 2, 2019, hours before the rescheduled hearing on Plaintiff's Motion for Summary Judgment, the Defendants once again filed a Notice of Removal ("Second Notice of

---

[1] Although the Defendants allege in their Jurisdictional Memorandum in Support of Removal, which is attached to their Notice of Removal, that there is complete diversity of citizenship pursuant to §1441(b), the Defendants do not cite 28 U.S.C. §1332. [DE 1].

Removal") [DE 1] and a Jurisdictional Memorandum in Support of Removal [DE 3], alleging that the jurisdictional defects in the previously filed Notice of Removal have been cured.

7. Specifically, in the Defendants' Second Notice of Removal, the Defendants allege that they are not admitted to the United States as permanent residents, but rather as non-immigrants under a business and investment visa.

8. A review of the Second Notice of Removal and the Jurisdictional Memorandum, however, reveals that the Defendants' current pleadings contain the same jurisdictional defects as the previously filed Notice of Removal.

## MEMORANDUM OF LAW

**A.   Introduction and Legal Standard.**

Defendants' Second Notice of Removal based this Court's purported subject matter jurisdiction over this case upon alleged federal question jurisdiction pursuant to 28 U.S.C. §1331 [DE 1], however, the Defendants' Jurisdictional Memorandum in Support of Removal alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). [DE 3]. Since the state court action does not arise under the Constitution, laws, or treaties of the United States and there is no diversity of citizenship, this Court does not have subject matter jurisdiction over this case. Accordingly, this case should be dismissed with prejudice and remanded to the Palm Beach County Circuit Court.

"When the case before the court has been removed from state court, the proper remedy for the lack of subject matter jurisdiction is to remand it from whence it came." *Nichols v. Se. Health Plan*, 859 F. Supp. 553, 559 n.6 (S.D. Ala. 1993); *see* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12 ("If the court determines at any time that it lacks subject matter

jurisdiction, the court must dismiss the action.").

Additionally, a state court action may be removed to federal court if it qualifies as a "civil action . . . of which the district courts of the United States have original jurisdiction," unless Congress expressly provides otherwise. *Rivet v. Regions Bank*, 522 U.S. 470, 474-75, 118 S. Ct. 921, 925 (1998); *see also* 28 U.S.C. § 1441(a).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank*, 522 U.S. 470, 474-75, 118 S. Ct. 921, 925 (1998) citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987).

In this case, the Plaintiff's Complaint sought foreclosure of a mortgage and damages resulting from the Defendants' breach of their respective Guaranties, and the Plaintiff relied on Florida law only.

Furthermore, "[O]n a motion for remand, the removing party bears the burden of proof on the issue of diversity." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *see also Nichols*, 859 F. Supp. at 556 ("In ruling on a motion to remand, the non-movant bears the burden of showing that the requirements for removal have been met."). Diversity jurisdiction requires complete diversity; no plaintiff can be a citizen of a state in which a defendant is also a citizen.[2] *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Moreover, the presumption is that a party is domiciled in the states in which they reside "at any given time." *Brooks v. Sears, Roebuck & Co.*, No. 18-554, 2018 U.S. Dist. LEXIS 124390, 2018 WL 3761045,

---

[2] The Defendants fail to address Defendant Royal Palm Improvement Association whatsoever in its Second Notice of Removal [DE 1] or in their Jurisdictional Memorandum in Support of Removal [DE 3].

at *12-13 (M.D. Fla. July 2, 2018) (quoting *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1359 & n. 2 (S.D. Fla. 2015)). Here, it is undisputed that Plaintiff is a Florida limited liability company conducting business in Palm Beach County and that the Defendants currently reside in Florida.

Accordingly, the Defendants cannot meet their burden of establishing that the Court has original, federal question jurisdiction pursuant to 28 U.S.C. §1331. Moreover, there is no diversity of citizenship.

Removal statutes must be strictly construed, and the presumption is that any doubts or ambiguities must be resolved in favor of remand. *See Doe v. Florida International University Board of Trustees*, 464 F.Supp.2d 1259, 1261 (S.D. Fla. 2006) (citing *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998)). For all of the foregoing reasons, this Court should dismiss the case with prejudice and remand the case to the Palm Beach County Circuit Court.

## CONCLUSION

Based upon the foregoing, Plaintiff, M22 FUND, LLC, respectfully requests that this Court enter an Order Dismissing this action, with prejudice, based upon the fact that the Defendants' Second Notice of Removal is insufficient; the Court does not have original, federal question jurisdiction pursuant to 28 U.S.C. §1331, that there is no diversity of citizenship among the parties; and that this Court does not have subject matter jurisdiction of this case; remanding this case to the Palm Beach County Circuit Court; awarding Plaintiff its reasonable attorney's fees and costs pursuant to 28 U.S.C. §1447(c) together with such other and further relief as this Court deems just and proper under the circumstances.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)(A)

I hereby certify that counsel for the movant has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served upon all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing on this 15th day of July 2019.

**KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT**
*Attorneys for Plaintiff*
One West Las Olas Blvd., Suite 500
Ft. Lauderdale, Florida 33301
Telephone No.: (954) 525-4100
Facsimile No.: (954) 525-4300

By: */s/ Brian R. Kopelowitz*
Brian R. Kopelowitz, Esq.
Fla. Bar No.: 097225
kopelowitz@kolawyers.com

**UNITED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

M22 FUND, LLC, a Florida Limited liability company

FEDERAL CASE NO.: _____
STATE CASE NO.: 502019CA000194XXXXMB

Plaintiff,

v.

STUART BRYAN GALLON, Trustee of the Stuart Bryan Gallon Revocable Trust dated February 3, 2016, a Florida Trust; STUART BRYAN GALLON, an individual ; LINE MARTIN, an individual; and, ROYAL PALM IMPROVEMENT ASSOCIATION INC., a foreign nonprofit corporation,

Defendants.
_____/

FILED BY _MEG_ D.C.

MAY 01 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## NOTICE OF REMOVAL 28 USC § 1331

NOTICE IS HEREBY GIVEN to the Defendant that the complaint in the above captioned matter has been removed to the United States District Court under the authority of 28 USC § 1331. The case number issued by the Circuit Court of Palm Beach County Florida is 502019CA000194. The complaint and other pleadings filed in the state court action are attached to this notice. Please govern yourselves accordingly.

DATED this 1 day of May, 2019

Stuart Bryan Gallon, Defendant

Line Martin, Co-Defendant


EXHIBIT A

**UNITED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

M22 FUND, LLC, a Florida Limited
liability company

FEDERAL CASE NO.: _____
STATE CASE NO.: 502019CA000194XXXXMB

Plaintiff,

v.

STUART BRYAN GALLON, Trustee
of the Stuart Bryan Gallon Revocable
Trust dated February 3, 2016, a Florida
Trust; STUART BRYAN GALLON, an
individual ; LINE MARTIN, an individual; and,
ROYAL PALM IMPROVEMENT ASSOCIATION
INC., a foreign nonprofit corporation,

Defendants.
_____/

## JURISDICTIONAL MEMORANDUM IN SUPPORT OF REMOVAL

This court has jurisdiction of the above entitled action because it involves disputes arising under the Title 15 of the United States Code, specifically, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Furthermore, complete diversity of citizenship pursuant to §1441(b) exists in this matter given that M22 Fund is a citizen of Florida while Stuart B. Gallon and Line Martin are foreign citizens. Pursuant to 28 U.S.C. §1446(c), a case may be removed on the basis of diversity of citizenship jurisdiction within one year after the commencement of the action.

_____
Stuart Bryan Gallon, Defendant

_____
Line Martin, Co-Defendant

**UNITED DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

M22 FUND, LLC, a Florida Limited
liability company

FEDERAL CASE NO.:_____
STATE CASE NO.: 502019CA000194XXXXMB

Plaintiff,

v.

STUART BRYAN GALLON, Trustee
of the Stuart Bryan Gallon Revocable
Trust dated February 3, 2016, a Florida
Trust; STUART BRYAN GALLON, an
individual ; LINE MARTIN, an individual; and,
ROYAL PALM IMPROVEMENT ASSOCIATION
INC., a foreign nonprofit corporation,

Defendants.
_____/

**CERTIFICATE OF SERVICE**

I Line Martin hereby certify that a true and correct copy of the foregoing was mailed to the Plaintiff's attorney, Brian R. Kopelowitz, Esq., Kopelowitz Ostrow Ferguson Weiselberg Gilbert, by first class mail to: One West Las Olas Blvd., Suite 500, Fort Lauderdale, FL 33301, and mailed to Larry Schner, Esq., Sachs Sax Caplan, attorneys for Royal Palm Improvement Association Inc., to 6111 Broken Sound Parkway NW, #200, Boca Raton, FL 33487, on this ____ day of May, 2019.

Stuart B. Gallon, Defendant

Line Martin, Co-Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-80587-CV-MIDDLEBROOKS

M22 FUND, LLC,

    Plaintiff,

v.

STUART BRYAN GALLON, as Trustee of the
Stuart Bryan Gallon Revocable Trust, STUART
BRYAN GALLON, an individual, LINE
MARTIN, an individual, and ROYAL PALM
IMPROVEMENT ASSOCIATION,

    Defendants.
_____/

## ORDER ON JURISDICTIONAL DEFECTS

THIS CAUSE come before the Court *sua sponte*. On May 1, 2019, Defendants Stuart Bryan Gallon (Gallon") and Line Martin ("Martin") filed a Notice of Removal (DE 1), removing this case from the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Defendants assert that this Court can exercise subject-matter jurisdiction over this case based on either federal question or diversity jurisdiction. However, the allegations in the Complaint (DE 1-2) and the Notice of Removal fail to state either basis for jurisdiction.

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441. Original jurisdiction may be based on federal-question or diversity jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). For federal-question jurisdiction to apply, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* For diversity



EXHIBIT B

jurisdiction to apply, the amount in controversy must exceed $75,000 and the case must be between citizens of different states. 28 U.S.C. § 1332.

First, Defendants assert that this Court has federal-question jurisdiction over this case because it involves disputes arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (DE 1 at 2). However, the Complaint does not appear to allege any claims under those acts. The Complaint alleges causes of action for: (1) breach of note, (2) mortgage foreclosure, (3) breach of guaranty as to Defendant Gallon, and (4) breach of guaranty as to Defendant Martin. (DE 1-2). These appear to be state-law claims. The Complaint does not reference the federal statutes that Defendants claim confer federal question jurisdiction, and it is not clear from Defendants' Notice of Removal how those statutes are implicated in this case. If any of Plaintiff's causes of action are premised on those federal statutes, Defendants need to explicitly explain such reliance on the federal statutes.

Second, Defendants allege that this Court can exercise diversity jurisdiction over this matter. Diversity jurisdiction requires complete diversity; no plaintiff can be a citizen of a state in which any defendant is also a citizen. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). For purposes of diversity jurisdiction, "[r]esidence alone is not enough." *Travaglio v. American Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Citizenship, not residence, must be alleged to show diversity jurisdiction. *Id.* Natural persons are citizens of the state where they are domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1258 (quotations omitted). A corporation is a citizen of the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). Limited partnerships and

limited liability companies are citizens of every state in which a member of the company is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of a limited partnership or limited liability company, a removing defendant must allege the citizenship of every member of the company.

Defendants do not properly allege the citizenship of any party to this case. As to Plaintiff, they allege merely that Plaintiff is a citizen of Florida. Because Plaintiff is a limited liability company, Defendants must allege the identity and citizenship of every member of the company. Defendants do not allege the citizenship of any of the Defendants. As to the individual Defendants, Defendants must allege the states in which they are citizens. As to Defendant Royal Palm Improvement Association, Defendants must allege of the state of its incorporation and the state of its principal place of business.

Based on these allegations, the Court cannot assess whether it has subject-matter jurisdiction over this case. Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Defendants **SHALL FILE** an amended notice of removal on or by **May 20, 2019**. The amended notice should cure the Notice of Removal's jurisdictional defects.

(2) If Plaintiff fails to timely file an amended notice of removal that properly alleges a basis for this Court's exercise of jurisdiction, this case may be dismissed without prejudice.

**SIGNED** in Chambers in West Palm Beach, Florida, this  6  day of May, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc:   Counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-cv-80587-MIDDLEBROOKS

M22 FUND, LLC, a Florida limited liability company,

    Plaintiff,

v.

STUART BRYAN GALLON, Trustee of the Stuart Bryan Gallon Revocable Trust dated February 3, 2016, a Florida Trust, STUART BRYAN GALLON, an individual, LINE MARTIN, an individual, and ROYAL PALM IMPROVEMENT ASSOCIATION, a foreign nonprofit corporation,

    Defendant.
_____/

## ORDER REMANDING CASE

THIS CAUSE comes before the Court *sua sponte*. On May 7, 2019, I entered an Order identifying several apparent jurisdictional deficiencies in Defendants Stuart Bryan Gallon and Line Martin's Notice of Removal. (DE 4). The Notice of Removal had asserted that this Court could exercise federal-question jurisdiction over this case, but such federal questions did not appear on the face of the Complaint. The Notice of Removal also attempted to assert diversity jurisdiction, but it did not properly allege the citizenship of any party to this case. The Order instructed Defendants to file an amended notice of removal, curing the identified deficiencies, on or by May 20, 2019. As of the date of this Order, Defendants have neither filed an amended notice of removal nor sought an extension of time.

"A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002). Defendants have here failed to meet



this burden, and without a proper jurisdictional foundation, this matter must be remanded. Accordingly, it is

**ORDERED AND ADJUDGED** that:

(1) This action is **REMANDED** to the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

(2) All pending Motions are **DENIED AS MOOT.**

(3) The Clerk of the Court shall **CLOSE** the case in this District.

**SIGNED** in Chambers at West Palm Beach, Florida, this 30 day of May, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Cc:   All counsel of record